# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:17-CV-00263-CRS-CHL
# CRIMINAL ACTION NO. 3:14-CR-00005-CRS-CHL

TAISHAUN JOHNSON                                            MOVANT/DEFENDANT

vs.

UNITED STATES OF AMERICA                                    RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

### I.   Introduction

This matter is before the Court on the *pro se* motion of the Movant, Taishaun Johnson, to vacate his sentence and conviction pursuant to 28 U.S.C. § 2255 (DN 78), and Johnson's motion for extension of time (DN 96). The motion to vacate was referred to the magistrate judge for findings of fact and recommendations for the disposition of Johnson's motion. DN 79. The United States was ordered to, and did, file a response (DN 80), to which Johnson replied (DN 84).

On November 9, 2018, the magistrate judge filed his proposed findings of fact, conclusions of law, and recommendations. DN 94. The magistrate judge has recommended that Johnson's motion be denied, and that a certificate of appealability also be denied. On November 19, 2018, Johnson filed a motion for an extension of time purportedly to file objections to the magistrate judge's report.[1] DN 95. Thereafter, Johnson filed his objections to the magistrate judge's report. DN 96. Johnson having already filed objections to the magistrate's report, the Court will **GRANT**

---

[1] Johnson's motion is styled as a "request for extension of time to file my response to the government." DN 95. This motion was filed ten days after the magistrate's report and nearly ten months after the briefing to Johnson's § 2255 motion was complete. Accordingly, this Court construes Johnson's motion as a request for extension of time to file objections to the magistrate's report.

the motion for extension of time up until the day Johnson filed his objections. The Court now considers Johnson's objections and makes a *de novo* determination as to those portions of the report to which objection was made.

## II. Factual Background and Procedural History

Johnson objects to the magistrate's finding of fact that Johnson's then wife, "Tonya Johnson was a convicted felon, a fact which the National Instant Criminal Background Check system detected in short order." DN 94, at 1. The Court agrees that this factual finding is misrepresentative and will supplement the Report's findings of fact.

In February of 2013, Johnson's then wife, Tonya Johnson, purchased a rifle, filled out the required ATF form, and took the rifle home. DN 63, at 5. The National Instant Criminal Background Check System denied her transaction, because the available information indicated that she had previously been convicted of a felony. *Id.* Upon receiving this information, an ATF agent and a detective with the Campbellsville, Kentucky Police Department went to the address Ms. Johnson had listed when she purchased the rifle to speak with her and recover the firearm if it was still in Ms. Johnson's possession. *Id.*

When the law enforcement agents arrived at Johnson's home, Johnson was leaving and informed the officers that Ms. Johnson wasn't home, but the rifle was still in the house. *Id.* Johnson continued his conversation with the officers, informing them that he also had firearms in the house, and he also had past felony convictions. *Id.* The officers asked Johnson to sign a consent to search form. *Id.* After Johnson signed the form, the subsequent search of his home and car yielded ten firearms. *Id.*

A grand jury returned a three-count Superseding Indictment charging Johnson and Ms. Johnson, with Counts 1 and 3 pertaining to Johnson. Count 1 charged Johnson with aiding and

abetting Ms. Johnson in making false statements to a licensed firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A) and 924(a)(2). *Id.* at 3. Count 3 charged Johnson with being a felon knowingly possessing ammunition and firearms, in violation of 18 U.S.C. § 922(g)(1) and 942(a)(2). *Id.* at 3–4.

Johnson subsequently pleaded guilty to Count 3 of the Superseding Indictment, under a plea agreement stating that at the time of sentencing the United States would move to dismiss Count 1. DN 57, at ¶ 10. In the plea agreement, Johnson waived his right to directly appeal and contest or collaterally attack his conviction or sentence, "[u]nless based on claims of ineffective assistance of counsel or prosecutorial misconduct." *Id.* at ¶ 12. The parties also stipulated to the factual basis for the plea, including that Johnson "consented to a search of his residence." *Id.* at ¶ 3.

The matter was set for sentencing and a Presentence Investigation Report ("PSR") was ordered. According to the PSR, Johnson's total offense level was 25, and his criminal history category was IV. DN 63, at ¶ 63. The guideline imprisonment range was determined to be 84 months to 105 months. *Id.* This Court sentenced Johnson to seventy (70) months incarceration. DN 67.

**III.    Legal Standard**

The Court makes a *de novo* determination of the proposed findings or recommendations of the magistrate to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3). To the extent that no objection is filed, the arguments are waived. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 147–48 (1985).

## IV. Discussion

In the § 2255 motion now before the Court, Johnson asserts two grounds. First, Johnson asserts that his conviction was obtained as a result of evidence obtained illegally in violation of the Fourth Amendment to the United States Constitution. Second, Johnson asserts that his counsel was ineffective for failing to challenge search of Johnson's residence. The Court will address each ground in turn.

### A. Fourth Amendment Violation

At times, Johnson appears to conflate his stand-alone Fourth Amendment claim with his second claim alleging ineffective assistance of counsel. The magistrate recommended that Johnson's Fourth Amendment claim be denied because Johnson, by entering the plea agreement, "waived all future challenges to his conviction other than those comprising claims of ineffective assistance of counsel or prosecutorial misconduct." DN 94, at 2. Johnson objected to this conclusion stating "[t]his would only be true, if Movant did not couch a claim of ineffective assistance of counsel with regard to his conviction." DN 96, at 3. To the extent Johnson has asserted a stand-alone claim challenging the constitutionality of the search of his home, that claim has been waived by the plea agreement.

Johnson has not explicitly challenged the validity of his appellate waiver in any of his grounds. Nevertheless, the Court finds it necessary to assess the waiver's validity in order to evaluate his claims. It is well-established that a "defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008) (citing *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). Waiver is generally considered knowing, intelligent, and sufficiently aware "if the defendant fully understands the nature of the right and how it would likely apply *in general*

in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (emphasis in original). To determine whether a waiver was knowing and voluntary, the Sixth Circuit looks "to the plea itself as well as to the plea colloquy." *United States v. Apodaca*, 512 Fed. Appx. 509, 516 (6th Cir. 2013) (citing *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004)).

The terms of the plea agreement and the plea colloquy at the plea hearing confirms that Johnson's waiver was knowing and voluntary. Johnson and his lawyer each signed the plea agreement, which clearly articulated the limited circumstances in which Johnson would retain his right to appeal or collaterally attack his conviction and sentence. *See United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006) ("By signing the plea agreement, defendant and his counsel both acknowledged not only that they had discussed the agreement, but also that defendant understood its terms."). Further, at the plea hearing, the Court informed Johnson and confirmed that he understood the terms of the plea agreement provision waiving his right to appeal or to collaterally attack the conviction and sentence. Johnson responded affirmatively that he understood his right to appeal and collateral attack and was willing to give up such a right by pleading guilty.

Based on these circumstances, the Court finds Johnson's waiver of his right to collaterally attack his conviction and sentence was knowing, intelligent, and voluntary. Johnson's valid waiver, therefore, precludes him from bringing "any type of claim not excluded by the agreement." *United States v. Brice*, 373 Fed. Appx. 561, 562 (6th Cir. 2010). The only claims not excluded in Johnson's plea agreement are claims of ineffective assistance of counsel and claims of prosecutorial misconduct. Accordingly, Johnson's claim that his conviction was obtained as a result of evidence obtained illegally in violation of the Fourth Amendment has been waived.

B. **Ineffective Assistance of Counsel**

The Court turns next to Johnson's claim that counsel was ineffective because he did not challenge the constitutionality of the search of Johnson's residence. Liberally construing Johnson's *pro se* motion, Johnson appears to be claiming that had a motion to suppress been filed, and had it been granted, the case might have been dismissed and he would not have been faced with the decision to go to trial or plead guilty. The magistrate recommended Johnson's ineffective assistance of counsel claim be denied because a motion to suppress would have been futile since Johnson consented to the search, a fact to which Johnson stipulated when he entered into the plea agreement. DN 94, at 4. Johnson objects to the magistrate's recommendation asserting that 1) the magistrate wrongfully held the stipulation in the plea agreement against him, and 2) that he was entitled to an evidentiary hearing on whether the consent to search was freely given.

To prove a claim of ineffective assistance of counsel, a defendant must show deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court need not conduct the two-prong inquiry in the order identified above or even address both parts of the test if Johnson makes an insufficient showing on one prong. *Id.* at 697.

With respect to the first *Strickland* factor, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* 688. The Supreme Court has stated that "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Burt v. Titlow*, 571 U.S. 12, 17 (2013) (quoting *Strickland*, 466 U.S. at 690). The burden to "'show that counsel's performance was deficient' rests squarely on the defendant." *Id.* (quoting *Strickland*, 466 U.S. at 687).

With respect to the second *Strickland* factor, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Supreme Court has held, in the context of pleas, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012)). The defendant has the burden of proving "that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *Id.* (cleaned up). Moreover, when the alleged deficiency is counsel's failure to raise a Fourth Amendment violation, "the defendant must also prove that his Fourth Amendment claim is meritorious … in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

### a. Counsel's performance was objectively reasonable

With respect to the first prong, "the mere failure to object to evidence … does not render counsel ineffective. *Lockett v. Arn*, 740 F.2d 407, 412 (6th Cir. 1984), *cert. denied*, 478 U.S. 1019 (1986). The Sixth Circuit explained the decision to object to evidence:

> [G]enerally falls within the ambit of trial strategy. Counsel must exercise his best professional judgment in deciding whether sufficient reasons exists for moving to suppress particular evidence. *United States v. Brown*, 663 F.2d 229, 231 (D.C. Cir. 1981). This judgment must be accorded deference. Otherwise, defense counsel would have to file a motion to suppress in every possible instance in order to avoid a charge of ineffective assistance. *Id.*

*United States v. Barclay*, 916 F.2d 713, 1990 WL 156099, at *3 (6th Cir. 1990) (unpublished table decision).

Johnson's attorney pursued a strategy of obtaining a favorable plea agreement. According to the PSR, Johnsons Total Offense Level was 25 and his Criminal History Category was IV, resulting in an advisory guideline range of 84-105 months. DN 63, at ¶ 63. However, the Court

applied a variance in accepting a plea agreement calling for, *inter alia*, seventy months custody pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Without the plea agreement, the lowest guideline term of imprisonment would have been greater than the 70 months Johnson ultimately received. Moreover, Johnson might have been convicted of Count 1 in the Superseding Indictment, which the United States dismissed pursuant to the plea agreement. DN 57, at ¶ 10. In addition, without the plea agreement, Johnson's minimum guideline range would have been higher because he would have been ineligible for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). Counsel's decision to pursue a favorable plea agreement over challenging the search does not fall below an objective standard of reasonableness. *See Tollett v. Henderson*, 411 U.S. 258, 268 (1973) ("A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea…").

### b. Johnson's Fourth Amendment Claim is Not Meritorious

Even if counsel had been ineffective, Johnson cannot prevail because he has not established prejudice under the second *Strickland* factor. Johnson admitted, as part of the plea agreement and at the plea hearing, that the search he now complains of was in fact undertaken with his consent. The plea agreement contains the following stipulation of facts:

> On or about February 22, 2013, ATF Special agents and local law enforcement officers went to defendant's residence located in Marion County, Kentucky. **The defendant consented to a search of his residence.** During the search, the officers found the firearms specified in Count 3 of the Indictment. At the time the defendant possessed the firearms and ammunition, he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year. All of the firearms and ammunition involved in the offense had been manufactured outside of Kentucky and had therefore traveled in interstate commerce.

DN 57, at ¶ 3 (emphasis added).

During the plea colloquy, the government recited the factual basis for the plea and Johnson affirmed the factual basis for the plea. In *Blackledge v. Allison*, the Supreme Court explained the importance and weight of representations made during the plea hearing:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

431 U.S. 63, 73–74 (1977) (citations omitted). Absent clear and convincing evidence to the contrary, Johnson is bound by his plea agreement and representations made under oath during a plea colloquy. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (citations omitted) (internal quotation marks omitted). As a result, Johnson's representation that he consented to the search is binding on him and he cannot establish that he was prejudiced by his attorney's failure to challenge the search.

### c. Evidentiary Hearing

Johnson maintains that he is entitled to an evidentiary hearing to flesh out his ineffective assistance of counsel claim. "[A] district court may only forego a hearing where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (internal quotation marks and citation omitted). Johnson is not entitled to an evidentiary hearing because, as discussed *supra*, Johnson's allegations are contraindicated by the record.

### C. Certificate of Appealability

The analysis for issuing a Certificate of Appealability differs depending on whether the Court recommends denial based on procedural grounds or substantive grounds. The Court is denying Johnson's first claim, Fourth Amendment violation, on procedural grounds: waiver through the plea agreement. When a court denies a habeas claim based on procedural grounds, the movant must satisfy a two-pronged test in order for a Certificate of Appealability to issue: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Johnson satisfies neither prong. No reasonable jurists could debate whether Johnson has stated a valid Fourth Amendment claim as it was barred by his plea agreement.

The Court substantively evaluated Johnson's claim of ineffective assistance of counsel. When a court denies a habeas claim on the merits, the movant must demonstrate that reasonable jurists would find the Court assessment of the constitutional claim debatable or wrong in order for this Court to issue a Certificate of Appealability. *Id.* The Court finds its assessment of Johnson's ineffective assistance of counsel claim would not be challenged by reasonable jurists. Accordingly, the Court will deny Johnson's request for a Certificate of Appealability.

### V. Conclusion

Having made a *de novo* determination regarding all portions of the Report to which objection has been made, the Court:

i. Will adopt the Report's recommendation that Petitioner's fourth amendment claim should be denied;

ii. Will adopt the Report's recommendation that Petitioner's ineffective assistance of counsel claim should be denied; and

iii. Will adopt the Report's recommendation that a Certificate of Appealability should be denied.

A separate order will be entered in accordance with this opinion.

January 31, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Counsel of Record
Defendant Taishaun Johnson, pro se